United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10814
Summary Calendar

BENNIE L. COLLINS,

Plaintiff-Appellant,

versus

LUBBOCK POLICE DEPARTMENT,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CV-124

Before GARWOOD, CLEMENT and PRADO, Circuit Judges.

PER CURIAM:[*]

Bennie L. Collins, Texas prisoner # 1316764, appeals the dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim under 42 U.S.C. §§ 1915(e)(2)(B), 1915A. The district court dismissed the complaint on the basis that, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1984), a section 1983 claim may not be brought for

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the random and unauthorized confiscation of property by a state actor if the state provides an adequate post-deprivation remedy. However, in light of *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995), we are constrained to conclude that the district court erred. Collins's contention that his money (cash) was confiscated when he was pulled over and arrested set forth, albeit obliquely and inartfully, a Fourth Amendment substantive due process claim rather than a procedural due process claim that would be barred by *Parratt/Hudson*. *See id*. *See also Augustine v. Doe*, 740 F.2d 322, 325-37 (5th Cir. 1984).

We express no opinion on the ultimate merits of Collins' claim or whether there may be some other appropriate basis to dismiss Collins's suit under 42 U.S.C. §§ 1915(e) or 1915A.

VACATED and REMANDED.